**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Frederick Lamont Blue,<br><br>Plaintiff,<br><br>vs.<br><br>North Dakota Department of Corrections and Rehabilitation,<br><br>Defendant. | ) | **ORDER**<br><br>Case No. 1:25-cv-121 |

---

Before the court are Plaintiff's motion to join additional parties (Doc. No. 33) and motion for leave to file an amended complaint (Doc. No. 34). For the reasons that follow, the former is denied and the latter is granted.

## I. BACKGROUND

Plaintiff initiated the above-captioned action *pro se* and *in forma pauperis* on May 27, 2025, against his former employer, the North Dakota Department of Corrections and Rehabilitation ("NDDOCR"). (Doc. Nos. 1, 3 and 4). He claimed that the NDDOCR discriminated against him on the basis of his race, sex, and sexual orientation, and retaliated against him for participating in protected activity in violation of Title VII of the Civil Rights Act. (Doc. No. 4).

On October 14, 2026, the court issued a screening order in which it highlighted deficiencies in Plaintiff's complaint and gave Plaintiff a deadline of November 10, 2025, to file an amended complaint that addressed them. (Doc. No. 7). On January 9, 2026, the court issued an order giving Plaintiff until February 2, 2026, to file an amended complaint or otherwise show cause why this action should not dismissed on account of the deficiencies in his original complaint. (Doc. No. 10).

On January 29, 2026, Plaintiff filed a amended complaint asserting Title VII claims against

the NDDOCR for retaliation on the basis of race and sexual orientation (Count I), hostile work environment (Count II), retaliation for engaging in protected activity (Count III), and constructive discharge (Count IV). (Doc. No. 13). The court screened the amended complaint, concluded that it stated plausible claims for relief, and directed the Clerk's office to effectuate service of it. (Doc. No. 12).

On June 26, 2026, the NDDOCR filed an answer to Plaintiff's amended complaint. (Doc. No. 19).

On August 12, 2026, the court convened a scheduling conference with the parties. (Doc. No. 26). Following the scheduling conference the court issued a scheduling order that, among other things, established an August 28, 2026, deadline to file motions to join additional parties and amend the pleadings. (Doc. No. 27).

On August 28, 2026, Plaintiff filed a motion to join additional parties. (Doc. No. 33). He "requests joinder only to the extent an identified person is a proper party to a legally cognizable claim arising from the same transitions or occurrences and satisfying the Federal Rules." (*Id.*). Alternatively, he requests "that the denial of joinder not prejudice his ability to identify these persons as witnesses, obtain relevant discovery, or present admissible evidence concerning their conduct or knowledge." (*Id.*).

On August 28, 2026, Plaintiff also filed a motion for leave to file an amended complaint. (Doc. No. 34). Noting that the court identified deficiencies with his original complaint in its October 14, 2026, screening order, he seeks "to clarify and supplement allegations supporting race discrimination, sex discrimination, sexual orientation discrimination, hostile work environment, and retaliation. (*Id.*). He also seeks "to address the court's concerns regarding an identifiable adverse

employment action or harm, similarly situated employees, the timing and knowledge of protected activity, and the alleged causal connection between protected activity and subsequent treatment." (*Id.*). Attached to his motion is document that the court construes as Plaintiff's proposed second amended complaint in which he named the NDDOCR as the sole defendant and asserts claims against it for race discrimination (Count I), sex discrimination (Count II), sexual-orientation discrimination (Count III); hostile work environment (Count IV); and retaliation (Count V). (Doc. No. 34-1).[1]

On September 3, 2026, Defendant filed a response in opposition to Plaintiff's Motion to Join Additional Parties. (Doc. No. 35) It averted that the Plaintiff's motion should be denied as Plaintiff had not identified the individual(s) he sought to join and had not asserted any cognizable claims against individual defendants in his first amended complaint or proposed second amended complaint..

## II. <u>LEGAL STANDARDS</u>

### A. Leave to Amend

Fed. R. Civ. P. 15(a) provides in relevant part that leave to amend the pleadings "shall be freely given when justice so requires." The Eighth Circuit has liberally construed this standard, finding that "[u]nless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.'" *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 907-08 (8th Cir. 1999) (quoting *Brown v. Wallace*, 957

[1] The attached document is titled "First Amended Complaint" but will be treated as a proposed second amended complaint given that Plaintiff previously filed an amended complaint on January 29, 2026.

F.2d 564, 566 (8th Cir. 1992)). The party opposing the motion to bears the burden of demonstrating undue prejudice, bad faith, and futility. *See J. Swanson & Co., LLC v. Rejuvenating Nutrition Coaching,LLC,* No. 23-CV-1323 (PJS/LIB), 2023 WL 11960419, at *3 (D. Minn. Nov. 29, 2023); *see also Sanders v. Clemco Indus*., 823 F.2d 214, 217 (8th Cir. 1987).

**B. Joinder**

Fed. R. Civ. P. 20 governs joinder and provides:

> Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). "The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974) (concluding that a "company-wide policy purportedly designed to discriminate against blacks in employment ... arises out of the same series of transactions or occurrences."). Because "[s]ingle trials generally tend to lessen the delay, expense and inconvenience to all concerned ... '[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Id.* at 1332-33 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

## III. <u>DISCUSSION</u>

**A Motion to Join Additional Parties**

Plaintiff requests leave to join additional parties but does not identify the individuals he seeks

to join. Rather, it appears that he is leaving it to the court to sort out what, if any, claims he may have against individual defendants.

In his motion to join additional parties, motion for leave to file a second amended complaint, proposed second amended complaint, and first amended complaint, Plaintiff does not identify any individuals or entities other than the NDDOCR as defendants or otherwise assert any claims against any individuals. The court "will not supply additional facts, nor . . . construct a legal theory for plaintiff that assumes facts that have not been pleaded" and "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002). Consequently, the court finds that Plaintiff has not satisfied the requirements of Fed. R. Civ. P. Rule 20. As an aside, to the court notes that Title VII does not provide a cause of action against an individual. *See Carter v. Bobcat Co.*, No. 3:19-CV-15, 2019 WL 13299190, at *2 (D.N.D. Mar. 11, 2019), *report and recommendation adopted*, No. 3:19-CV-015, 2019 WL 13299189 (D.N.D. Mar. 26, 2019) ("However, Title VII imposes liability only upon employers or labor unions; supervisors, co-workers, union officials, and union members cannot be held individually liable under Title VII."); *Roark v. City of Haze, Ark.*, 189 F.3d 758 (8th Cir. 1999) (holding the district court properly dismissed plaintiff's Title VII claims against plaintiff's supervisor in his individual capacity because a supervisor may not be held liable under Title VII). Plaintiffs' motion for joinder therefore fails.

**B. Motion for Leave to File Amended Complaint**

According to Plaintiff, he seeks leave to amend his pleadings to address deficiencies identified by the court in its October 14, 2026, order despite having previously filed an amended complaint addressing these deficiencies to the court's satisfaction for purposes of its initial

screening.

There are some substantive differences between Plaintiff's first amended complaint and proposed second amended complaint. In his proposed second amended complaint, Plaintiff adds a claim for sex discrimination,[2] separates his claims for discrimination on the basis of race and sexual orientation into two counts, and omits his claim for constructive discharge.

Plaintiff's motion for leave to file a second amended complaint is timely. The amendments proposed by Plaintiff do not appear to pose any undue prejudice for the NDDOCR. Accordingly, the court is inclined to permit Plaintiff to amend his pleadings as requested.

## IV. CONCLUSION

Plaintiff's motion for joinder (Doc. No. 33) is **DENIED**. Plaintiff's motion for leave to file an amended complaint (Doc. No. 34) is **GRANTED**. The Clerk's offices shall file Plaintiff's proposed second amended complaint. This second amended complaint is now the operative pleading. As the court previously explained to Plaintiff, an amended complaint completely replaces the previous complaint in its entirety. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaints super[s]edes an original complaint and renders the original complaint without legal effect"). As Plaintiff knowingly and intelligently omitted his claim for constructive discharge from the second amended complaint, his constructive discharge claim is deemed abandoned.

[2] Plaintiff asserted a claim for sex discrimination in his original complaint, omitted it from his amended complaint, and now reasserts it in his second amended complaint.

**IT IS SO ORDERED.**

Dated this 9th day of September, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court